UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY MARIE HICKS,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | CASE NO. 1:13-CV-0374-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>Doc. 22 |

## I.     BACKGROUND

In January 2014, this Court granted the stipulation of the parties seeking a sentence four remand of this Social Security action and entry of judgment. Doc.18. The parties then entered into a stipulation for the award of $2,350.00 in attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which the Court granted. Docs. 20-21.

On remand, the Social Security Administration (SSA) found that Plaintiff was eligible for past-due benefits of $37,143.80. Doc. 22, Exh. 3. Plaintiff's counsel's instant motion requests $6,935.00 in attorney's fees under 42 U.S.C. § 406(b),[1] which would equal a combined fee of $9,285.00 when considered in conjunction with the EAJA award. Doc. 22. Plaintiff was advised that she could file a response to the motion, but she did not file a response. See Doc. 22. The government filed a response to the motion, neither in assent nor objection, offering an analysis to

---

[1] Plaintiff brings this motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B), which governs awards of fees for work done before the agency, not the district court. Plaintiff seeks an award of fees for work done before the district court; hence, 42 U.S.C. § 406 is the appropriate provision. Plaintiff's analysis is not affected by this substitution. The Court addresses Plaintiff's motion under 42 U.S.C. § 406.

assist the Court. Doc. 23.

## II.     DISCUSSION

The award of attorney's fees in social security cases is governed by 42 U.S.C. § 406. 42 U.S.C. § 406(b) imposes a 25% cap on the amount that can be awarded to an attorney for the representation of a claimant before the court. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). In assessing the reasonableness of a fee request, the district court should not start with the lodestar calculation, but with the contingent-fee agreement, and consider "'the character of the representation and the results the representative achieved.'" *Id*. at 1151 (*quoting Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The lower court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id*. (*citing Gisbrecht*, 535 U.S. at 808).

Here, Plaintiff has attached 1) a valid contingency fee agreement between Plaintiff and her attorneys indicating that fees of 25% of past-due benefits would be sought upon successful judicial review; 2) a notice of favorable decision from SSA; 3) a notice of award from SSA, indicating the total back payments due and the monthly payments amounts; and 4) a time sheet indicating 18.4 attorney hours and 3.4 paralegal hours spent preparing this case before the district court. The 25% contingency fee agreement is within the statutory limit and is reasonable considering the character of the representation and the results achieved. Plaintiff has requested a combined total of $9,285.00, which represents 25% of her past-due benefits.

There is no evidence presented which requires a reduction in the contingency fee amount. Although the government notes that the favorable decision at the administrative level was based on new testimony and not based on evidence Plaintiff presented, Plaintiff's counsel obtained a remand of the case for further proceedings, and there is no evidence of substandard performance. There is also no evidence of undue delay in litigating the case. Lastly, there is no evidence that the benefits are not in proportion to the time spent on the case. Although the amount results in a high effective hourly rate of $426.00, the Court respects the "primacy of lawful attorney-client fee

agreements." *See Gisbrecht*, 535 U.S. at 793. "Lodestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. The rate takes into account the inherent risk of contingent-fee cases.

Therefore, the Court finds that counsel's request for $9,285.00 is reasonable. Because counsel was previously awarded $2,350.00 in attorney's fees under the EAJA, the Court will award $6,935.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). No refund of EAJA fees to Plaintiff will be required.

### III.   ORDER

For the foregoing reasons, the Court awards $6,935.00 in attorney's fees pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

Dated:   **March 29, 2016**                    **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE

3